UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JOSIAH TCHATAT, :
                        Plaintiff, :
:
           -against- :
:
THE CITY OF NEW YORK, *et al.*, :
                      Defendants. :
:
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2015

14 Civ. 2385 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      By Opinion and Order dated August 28, 2015 (the "Opinion"), Defendants' motions to dismiss Plaintiff Josiah Tchatat's Amended Complaint (the "Complaint") were granted in part and denied in part. *Tchatat v. City of New York*, No. 14 Civ. 2385, 2015 WL 5091197 (S.D.N.Y. Aug. 28, 2015). On September 11, 2015, Tchatat filed the instant motion for partial reconsideration pursuant to Local Rule 6.3. For the following reasons, the motion is granted in part and denied in part.

**I.    STANDARD**

      Reconsideration is appropriate "when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

## II. DISCUSSION

Tchatat argues that the Opinion erred by dismissing his claims for (1) *Monell* liability against Defendants City of New York ("the City"), Best Buy Co. ("Best Buy") and Eastern Security Corp. ("Eastern"); (2) liability under 42 U.S.C. § 1981 against Defendants Edmonds, Castellano, Mobley, Kempen, Delestin, Best Buy and Eastern; and (3) negligent hiring, screening, retention, supervision and training (hereinafter "negligent hiring") against Best Buy and Eastern. The motion is granted with respect to the § 1981 claim but denied as to the other claims.

### A. *Monell* Liability

Section 1983 liability for municipalities is limited to when "the injury complained of resulted from the 'execution of a government's policy or custom, . . . [which] may fairly be said to represent official policy.'" *Tchatat*, 2015 WL 5091197, at *9 (alterations in original) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 536 U.S. 51, 131 S.Ct. 1350, 1359 (2011). The Opinion held that the Complaint's *Monell* allegations against the City, Best Buy and Eastern failed to plead (1) that any defendant had unconstitutional policies (official or otherwise) that caused Tchatat's injury or (2) that any of the individuals who harmed Tchatat had the requisite policymaking power for *Monell* liability. *Tchatat*, 2015 WL 5091197, at *10-11.

Tchatat's motion to reconsider argues that the Opinion "imposed too stringent a pleading requirement," and that the Complaint's reference to two news articles made it plausible that the City, Best Buy and Eastern had unconstitutional "policies and practices" that caused Plaintiff's

injuries.  As the Opinion noted, however, "the Complaint fails to allege any connection between an alleged citywide 'shop and frisk' policy and Plaintiff's constitutional injuries," and references "to news reports concerning 'shop and frisk' are . . . immaterial." *Id.* at *11 (citing *Peterec v. City of New York*, No. 14 Civ. 309, 2015 WL 1027367, at *7 (S.D.N.Y. Mar. 6, 2015)).  The two reports do not mention Best Buy or Eastern, and describe only discussions or investigations of unsubstantiated allegations of racial profiling.  Aside from these references to news articles, the Complaint does not allege additional facts supporting its *Monell* allegations.

Contrary to Tchatat's suggestion, the Opinion does not hold that the companies' official policies (for when employees can put hands on customers or apprehend them for suspected shoplifting) foreclose the possibility of *Monell* liability.  By relying solely on conclusory allegations, however, the Complaint fails to allege in a plausible manner that any unwritten or informal policy or practice exists.  Tchatat's motion to reconsider the Opinion's *Monell* holdings is denied.

### B.  Section 1981 Liability

Tchatat next challenges the Opinion's dismissal of his § 1981 claim against the Best Buy and Eastern defendants.  Noting that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units," the Opinion dismissed Tchatat's § 1981 claim as duplicative of his § 1983 claim.  *Id.* (internal quotation marks and alterations omitted) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)).  Tchatat does not challenge this holding with respect to the City defendants, and instead seeks to reinstate his claim against the non-City defendants because the Supreme Court's holding in *Jett* is limited to state governmental units.  For the following reasons, Tchatat's motion to reinstate his § 1981 claim is granted.

"To establish a claim under 42 U.S.C. § 1981, plaintiffs must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities."  *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000).

Tchatat's allegations plead a colorable claim under § 1981 as to Defendants Delestin, Castellano, Mobley, Kempen and Edmonds.  As a black man, Tchatat is a member of a racial minority and, as explained in the Opinion's discussion of his § 1985(3) claim, "[t]he Complaint's allegations are sufficient to support an inference of an agreement among Delestin, Castellano, Mobley, Kempen and [Edmonds] to violate Plaintiff's right to equal protection of the laws because of his race."  *Tchatat*, 2015 WL 5091197, at *12.  Finally, courts in this circuit have allowed claims under § 1981's "equal benefit" provision in similar factual situations.  *See Wong v. Mangone*, 450 F. App'x 27, 30 (2d Cir. 2011) (summary order) ("A § 1981 violation may occur when a private individual injures 'the security of persons and property' in violation of a state law, and does so with a racially discriminatory purpose."); *Martin v. J.C. Penney Corp.*, 28 F. Supp. 3d 153, 157 (E.D.N.Y. 2014) ("Plaintiffs' allegations that defendants assaulted, battered, and falsely imprisoned them on suspicion of shoplifting because of the color of their skin fall within the ambit of 'laws or proceedings for the security of persons and property' protected by 1981's equal benefit clause."); *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 394 (S.D.N.Y. 2006); *Pierre v. J.C. Penney Co.*, 340 F. Supp. 2d 308, 310, 313 (E.D.N.Y. 2004) ("There is nothing in the text of the clause, or in the legislative history, to suggest that Congress did not intend to reach this form of invidious discrimination.").

Tchatat's motion to reconsider is granted with respect to his § 1981 claim against Defendants Delestin, Castellano, Mobley, Kempen and Edmonds.  Because the Opinion based its

4

respondeat superior holding on its prior dismissal of the underlying § 1981 claim, *Tchatat*, 2015 WL 5091197, at *13, the respondeat superior claim against Best Buy and Eastern for § 1981 liability is reinstated as well.

### C. Negligent Hiring

Tchatat's final challenge is to the Opinion's dismissal of his negligent hiring claim against Best Buy and Eastern. Responding to the Opinion's holding that he abandoned this claim, Tchatat points to the following paragraph from his opposition brief:

> To the extent, however, that [Eastern] or [Best Buy] are unexpectedly successful during the course of this litigation in arguing that Edmonds or any of the individual [Best Buy Defendants] were not acting in the course and scope of their employment, Plaintiff also pleads in the alternative under theories of negligent hiring, negligent retention, and negligent supervision.

While Tchatat is correct that the federal rules allow for pleading in the alternative, *see* Fed. R. Civ. P. 8(d)(2), this does not relieve him of his obligation to plead adequately his claim for negligent hiring.

"In instances where an employer cannot be held vicariously liable for its employee's torts, the employer can still be held liable under theories of negligent hiring, negligent retention, and negligent supervision." *Kenneth R. v. Roman Catholic Diocese of Brooklyn*, 654 N.Y.S.2d 791, 793 (2d Dep't 1997).

> [U]nder New York law, "in addition to the standard elements of negligence, a plaintiff must show 1) that the tortfeasor and the defendant were in an employee-employer relationship; 2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and 3) that the tort was committed on the employer's premises."

*Schoolcraft v. City of New York*, No. 10 Civ. 6005, 2015 WL 2070187, at *69 (S.D.N.Y. May 5, 2015) (quoting *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004)). In contrast to claims premised on vicarious liability, "liability for negligent hiring . . . typically arises only

when an employee acts outside of the scope of his employment." *Marotta v. Palm Mgmt. Corp.*, No. 05 Civ. 10688, 2009 WL 497568, at *4 (S.D.N.Y. Feb. 25, 2009).

Even assuming that the Best Buy and Eastern employees' acts were outside the scope of their employment, the Complaint fails to allege how Best Buy or Eastern knew or should have known these employees had a propensity to commit the acts at issue in this case. The Complaint's only allegations to this effect concern Defendant Shwon Edmonds, and are limited to conclusory allegations describing his social media posts and a prior arrest for unemployment benefits fraud. The social media posts identified in the Complaint were posted *after* the September 20, 2011, incident at the Best Buy store, however, and are thus irrelevant to the inquiry of what Best Buy should have known before that date. Similarly, the allegation about Edmonds's arrest for unemployment benefits fraud is insufficient to allege that Best Buy should have known about a propensity for violence. The Complaint thus fails to plead a colorable claim for negligent hiring against either Best Buy or Eastern.

Defendants' motions to dismiss identify these same deficiencies, and Tchatat's opposition brief presents no arguments to the contrary. Plaintiff's motion to reconsider the dismissal of his negligent hiring claim against Best Buy and Eastern is denied.

### III. CONCLUSION

For the foregoing reasons, Tchatat's motion for reconsideration is GRANTED in part and DENIED in part. The Clerk of Court is directed to close the motion at Docket No. 210.

SO ORDERED.

Dated: October 20, 2015
       New York, New York

_____
       LORNA G. SCHOFIELD
       UNITED STATES DISTRICT JUDGE