UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                :
JOSIAS TCHATAT,                              :
                                   Plaintiff,    :
                                                    :
                  -against-                    :
                                                    :
CITY OF NEW YORK, et al.,            :
                                   Defendants.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/05/2015

14 Civ. 2385 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      By Opinion and Order dated August 28, 2015 (the "Opinion"), Defendants' motions to dismiss Tchatat's Amended Complaint (the "Complaint") were granted in part and denied in part. *Tchatat v. City of New York*, No. 14 Civ. 2385, 2015 WL 5091197 (S.D.N.Y. Aug. 28, 2015). By Opinion and Order dated October 20, 2015, Plaintiff's motion to reconsider the Opinion was granted in part and denied in part, reinstating Tchatat's claim under § 1981 but upholding the dismissal of his claims for *Monell* liability under § 1983 and for negligent hiring, screening, retention, supervision and training ("negligent hiring"). *Tchatat v. City of New York* ("Reconsideration Opinion"), No. 14 Civ. 2385, 2015 WL 6159320 (S.D.N.Y. Oct. 20, 2015). On November 3, 2015, Tchatat filed the instant motion for reconsideration under Local Rule 6.3, challenging the Reconsideration Opinion's holding with respect to his negligent hiring claim against Defendants Best Buy Co. ("Best Buy") and Eastern Security Corp. ("Eastern"). For the following reasons, the motion is denied.

      The standards governing motions for reconsideration pursuant to Local Rule 6.3 are "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *ResQnet.com, Inc. v. Lansa, Inc.*, No.

01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (quoting *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008)).  "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

Tchatat's argument that the "Court overlooked the primary crux" of his negligent hiring claim is an improper attempt to use reconsideration as a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Tchatat's current motion argues that the Complaint's allegations concerning Defendant Shwon Edmonds's hiring and supervision plead a negligent hiring claim against Best Buy and Eastern under the theory that the companies either knew or should have known of his "propensity for dishonesty."  The motion does not identify any intervening change of law or newly-discovered evidence, or cite any case where, under similar facts, a court found an actionable negligent hiring claim based on an employee's propensity for dishonesty.  As both opinions noted, Tchatat did not present any arguments in opposition to Defendants' motions to dismiss his negligent hiring claim, causing the claim to be dismissed as abandoned.  *Tchatat*, 2015 WL 6159320, at *4; 2015 WL 5091197, at *16.  Tchatat's first motion for reconsideration, which sought to reinstate the negligent hiring claim against both Best Buy and Eastern for the actions of each of their employees, argued only that he did not abandon the negligent hiring

claim because his opposition brief identified it as an alternative pleading.

Tchatat's arguments are both untimely and procedurally improper. The motion for reconsideration pursuant to Local Rule 6.3 is therefore DENIED. The Clerk of Court is directed to close the motion at Docket No. 235.

SO ORDERED.

Dated: November 5, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**